JUSTICE NELSON
specially concurs.
¶25 I concur in our opinion. Having done so, however, I want to make it clear that, had trial counsel properly objected to the District Court’s questions and remarks to Juror 14,1 would reverse Brown’s conviction on the basis of our decision in State v. DeVore, 1998 MT 340, 292 Mont. 325, 972 P.2d 816.
¶26 Here the trial court went beyond “rehabilitating” the juror. Indeed, the court simply substituted its contrary determination for the juror’s own judgment that she would have difficulty sitting on the case where she was acquainted with the prosecutor and where her grandson was going to be a witness. Until judges become mind read *433 ers, trial courts are simply going to have to credit a juror’s spontaneous and candid assessment of her own state of mind.
¶27 Worse, when she is sitting in an unfamiliar and imposing courtroom surrounded by her peers, attorneys, possibly other members of the community, and the trial judge, it strains credulity to believe that a prospective juror is going to persevere in her personal concerns about her ability to fairly hear the case and be able to resist the sort of “rehabilitative” statements and questions leveled at her by the court and counsel as are noted in our opinion. It would be a truly exceptional citizen who would persist in her belief that she cannot fairly hear a case when the presiding judge has told her unequivocally, in front of everyone gathered in the courtroom, that he has decided that she can.
¶28 I concur, but only on the basis of the defendant’s waiver of this issue for purposes of appellate review.